1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18

DAVID WESLEY TAYLOR,

              Petitioner,

       v.

RANDY TEWS, Warden,

              Defendants.

Case No. CV 16-5943 GW (MRW)

**ORDER DISMISSING ACTION**

19       The Court grants the government's unopposed motion to dismiss this federal

20 habeas action.

21                                 * * *

22       Petitioner formerly was a federal prisoner at the prison facility in

23 Victorville.[1]  He filed a habeas action (28 U.S.C. § 2241) challenging the decision

24 of the federal Bureau of Prisons (BOP) to impose discipline against him.

25 Petitioner was found to have violated a prison rule by allowing another inmate to

26 _____

27       [1]    Shortly after filing the action, the BOP transferred Petitioner to a federal prison in Arkansas.  Petitioner failed to update the Court with his new address as required under Local Rule.  (Docket # 15, 16.)

28

use his telephone account.  The penalty imposed on Petitioner consisted of a loss of 27 days of good time credit, a suspended period of segregation, and the loss of other privileges.  (Docket # 8 at 4.)

The government moved to dismiss the action.  (Id.)  The government argued that Petitioner failed to exhaust his claim administratively and did not properly appeal the adverse decision with the BOP.  Additionally, because the BOP recently issued an amended order to correctly identify the name of an agency employee involved in the original decision, the government contends that Petitioner's federal action is not ripe.  (Id. at 8.)

Petitioner filed an abbreviated response to the dismissal motion.  (Docket # 11.)  Although entitled "opposition to motion to dismiss and request stay until adm. [sic] remedy complete," the gist of Petitioner's submission was to request that the Court order a variety of relief against the BOP.  In other contemporaneous filings, Petitioner asked for an indefinite stay of the federal case and the appointment of a lawyer.  (Docket # 10, 13.)

Magistrate Judge Wilner issued several orders denying the requests.  (Docket # 12, 14, 16.)  Judge Wilner noted that Petitioner offered no evidence or cogent argument as to why either a stay or appointment of a lawyer was necessary.  The Court also observed that Petitioner's "'opposition' to the motion to dismiss ignored the substance of the government's argument."  (Docket # 12 at 1.)  The Court extended the deadline by which Petitioner was to submit "a coherent response" to the motion several times.  (Docket # 12, 16.)  However, Petitioner ultimately did not file any opposition to the government's exhaustion argument.

* * *

**1**.     Local Rule of Court 7-12 states that, after a party files a motion with the Court, the failure to file a required response "may be deemed consent to the granting [ ] of the motion."  That rule applies to the present dismissal motion.  The

2

government plausibly established that Petitioner failed to exhaust his claims properly within the BOP before seeking federal habeas relief.  Despite several warnings, Petitioner did not file a response that addressed the government's argument.  Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the action.

**2**.     Dismissal is also proper under Rule 41(b).  Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal may be ordered by the Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants.  Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983 actions).

Petitioner's failure to prosecute this action warrants dismissal under Rule 41(b).  Petitioner failed to respond to the government's dismissal motion and the Court's order requiring him to do so.  (Docket # 12, 14, 16.)  The public, the Court, and the government have a significant interest in the resolution of this case.  Petitioner, by contrast, has demonstrated a lack of interest in pursuing the action to a decision on the merits.  Moreover, given Petitioner's failure to respond to the Court's order, there are no "less drastic sanctions" available to the Court other than a dismissal of the action.  Omstead, 594 F.3d at 1084.  Rule 41 therefore provides an additional basis for dismissing the action.

**3**.     Finally, were the Court to reach the merits of the government's dismissal motion, it is apparent that Petitioner is not entitled to relief.  Federal prisoners generally must exhaust their administrative remedies before filing a

federal habeas petition under 28 U.S.C. § 2241.  <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986); <u>Jiau v. Poole</u>, 590 F. App'x 689, 690 (9th Cir. 2015).  A district court has discretion to dismiss an unexhausted § 2241 petition without prejudice, or excuse the requirement and reach the merits.  <u>Jiau</u>, 590 F. App'x at 690; <u>Pavlovich v. Johnson</u>, No. CV 16-749 PSG (SS), 2016 WL 3410195 at *2 (C.D. Cal. 2016).  However, a court's discretion to excuse the failure to exhaust is limited to situations where administrative remedies are inadequate or ineffective, pursuing them would be futile, or irreparable injury would result.  <u>Pavlovich</u>, 2016 WL 3410195 at *2; <u>Laing v. Ashcroft</u>, 370 F.3d 994, 1000-01 (9th Cir. 2004).

Petitioner's claim for relief is unexhausted.  The government convincingly demonstrates that Petitioner did not properly seek administrative review of the adverse disciplinary ruling before initiating this federal action.  (Docket # 11 at 5-7.)  Further, after the filing of the action, the government corrected a minor error in the hearing decision; this reopened Petitioner's ability to present his claims administratively.  (<u>Id.</u> at 8.)  He has not done so, though.  The Court therefore has no basis to exercise its discretion to excuse Petitioner's failure to exhaust.  <u>Laing</u>, 370 F.3d at 1000-01.

* * *

Accordingly, for the above reasons, this action is DISMISSED with prejudice under Local Rule 7-12 and Federal Rule of Civil Procedure 41.

IT IS SO ORDERED.

Dated: January 3, 2017

_____

HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE